**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 2 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAWNYETTA GLOVER**                                                                 **PLAINTIFF**

vs.                                              No. 4:20-cv-__927- LPR__

**THE DESIGN GROUP, INC.,**                                              **DEFENDANTS**
**and MYRON JACKSON**
This case assigned to District Judge __Rudofsky__
and to Magistrate Judge __Volpe__

**ORIGINAL COMPLAINT**

COMES NOW Plaintiff Dawnyetta Glover ("Plaintiff") by and through her attorneys Stacy Gibson and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against The Design Group, Inc., and Myron Jackson (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of Arkansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is a citizen, resident and domiciliary of Pulaski County.

8. Separate Defendant The Design Group, Inc. ("TDG"), is a domestic, for-profit corporation.

9. TDG's registered agent for service is Jennifer R. Pierce, at 425 West Capitol Avenue, Suite 1800, Little Rock, Arkansas 72201.

10. Separate Defendant Myron Jackson ("Jackson") is an individual and domiciliary of Arkansas.

11. Defendants maintain a website at https://www.designgroupmarketing.com/.

### III.     FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.     Jackson is an owner, principal, officer and/or director of TDG.

14.     Jackson manages and controls the day-to-day operations of TDG, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty per week.

15.     Defendants own and operate a marketing firm.

16.     Defendants have at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

17.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.     Plaintiff regularly in the course of her work for Defendants handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

19.     During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four employees.

20.     Plaintiff was employed by Defendants as a salaried employee from February of 2020 until August of 2020.

21.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22. At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

23. At all times material herein, Plaintiff has been misclassified by Defendants as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

24. During the period relevant to this lawsuit, Plaintiff worked as an Office Manager for Defendants' office in Little Rock.

25. At all relevant times herein, Defendants directly hired Plaintiff to work in their office, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

26. As Office Manager, Plaintiff was responsible for answering phone calls, opening mail, receiving invoices, posting available jobs, setting meetings, taking detailed notes on staff calls, and drafting memos.

27. Plaintiff did not have the authority to hire or fire any other employee.

28. Plaintiff was not asked to provide input as to which employees should be hired or fired.

29. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

30. Plaintiff was compensated at a rate below the applicable minimum weekly salary required under the FLSA for exempt employees.

31. Plaintiff was compensated as a rate of $29,000.00 annually, or approximately $558.00 per week.

32. Plaintiff worked at least forty hours most or all weeks during the relevant time period.

33. Plaintiff regularly worked more than forty (40) hours per week during the relevant time period.

34. Defendants did not pay Plaintiff one and one-half (1.5) her regular rate for all hours worked over forty (40) in a week.

35. Plaintiff regularly had to participate in staff calls which lasted between one to two hours after the workday had ended.

36. In March of 2020, Plaintiff transcribed and wrote notes on daily staff calls after the workday had ended. Plaintiff spent two hours every day on this task for two weeks, for a total of twenty hours of work which went uncompensated.

37. Plaintiff was also assigned a project over one weekend which took her two hours to complete, work which also went uncompensated.

38. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours she worked over forty per week.

39. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### IV.   FIRST CAUSE OF ACTION—Violation of the FLSA

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor ("DOL") regulations.

45. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

46. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

47. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

### V.  SECOND CAUSE OF ACTION—Violation of the AMWA

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

50. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

51. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

52. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

53. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

54. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

55. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

56. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dawnyetta Glover respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B.  Declaratory judgment that Defendants' practices alleged herein violate the FLSA and the AMWA;

C.  Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D.  Judgment for liquidated damages pursuant to the FLSA and AMWA;

E.  For reasonable attorneys' fees, costs, and all interest; and

F.  Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DAWNYETTA GLOVER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com